UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LANDEROS CASTRO,<br><br>        Petitioner,<br><br>    v.<br><br>ATTORNEY GENERAL,<br><br>        Respondent. | Case No. CV 18-7439-JVS (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**INTRODUCTION**

On August 20, 2018, Luis Landeros Castro ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the Eastern District of California. On August 24, 2018, the Petition was transferred to this Court.

Petitioner does not challenge the validity of his conviction or the length of his sentence. Rather, he challenges the allegedly unconstitutional conditions of his confinement. Specifically, Petitioner claims deliberate indifference to his serious medical needs, cruel and unusual punishment in violation of the Eighth Amendment, and retaliation for exercising his First Amendment right to file grievances. (Petition at 18-23.)[1] All of these

---
[1] The Court refers to the pages of the Petition as they are numbered by the CM/ECF system.

claims arise from prison officials' alleged threats to discontinue Petitioner's medication in retaliation for filing a complaint against prison medical staff. (Id.) Petitioner seeks an order declaring that he continue to receive his medication. (Petition at 18.)

Petitioner's claims arise from acts and omissions that occurred during his confinement at the California Substance Abuse and Treatment Facility ("CSATF"). CSATF is located in Kings County, which is in the Eastern District of California. See 28 U.S.C. § 84(b).

Because Petitioner does not challenge the fact or duration of his confinement, his claims are not cognizable on federal habeas review, and this action should be dismissed without prejudice to Petitioner re-filing his claims in a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court may summarily dismiss a habeas corpus petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

A district court will entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . . , 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 574, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). "Traditionally, challenges to prison conditions have been cognizable only via [42 U.S.C.] §

1983 while challenges implicating the fact or duration of confinement must be brought through a habeas petition." Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality or duration" of confinement in habeas corpus proceeding and challenge conditions of confinement in civil rights action).

On the face of the Petition it is clear that Petitioner's claims regarding his medication do not challenge the fact or duration of his confinement. Accordingly, his claims are not cognizable on federal habeas review and the Petition should be dismissed without prejudice to Petitioner filing a civil rights complaint pursuant to 42 U.S.C. § 1983. If Petitioner chooses to file a civil rights action regarding these matters, it should be filed in the Eastern District of California because that is the district in which the alleged constitutional violations took place. See 28 U.S.C. § 1391(b).

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

///
///
///
///
///

**ORDER**

IT IS ORDERED that (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: October 2, 2018

                           JAMES V. SELNA
                UNITED STATES DISTRICT JUDGE